1  RICHARD J. IDELL, ESQ., #069033
2  ORY SANDEL, ESQ., #233204
   IDELL & SEITEL LLP
3  The Merchants Exchange Building
   465 California Street, Suite 300
4  San Francisco, CA 94104
   Telephone: (415) 986-2400
5  Facsimile: (415) 392-9259
6



**FILED**

MAR 19 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7  Attorneys for Plaintiff U2 HOME ENTERTAINMENT, INC.,
8  a California corporation doing business as NEW IMAGE AUDIO
   & VIDEO, CENTURY HOME ENTERTAINMENT and
9  TAI SENG ENTERTAINMENT

**RECEIVED**
MAR 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT FOURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10                    **UNITED STATES DISTRICT COURT**
11
                     **NORTHERN DISTRICT OF CALIFORNIA**
12
   U2 HOME ENTERTAINMENT, INC., a California    Case No.: C 06 7357 JW RS
13 Corporation doing business as NEW IMAGE
   AUDIO & VIDEO, CENTURY HOME             **STIPULATED FINAL JUDGMENT,**
14 ENTERTAINMENT and TAI SENG              **CONSENT DECREE AND PERMANENT**
   ENTERTAINMENT,                          **INJUNCTION AS TO KINMEI TRADING**
15                                          **CO., A BUSINESS ENTITY FORM**
                                           **UNKNOWN, AND XIA ZHONG JIAN,**
16              Plaintiff,                  **INDIVIDUALLY AND DOING BUSINESS**
        v.                                  **AS KINMEI TRADING CO.**
17
18 SUNLIGHT MUSIC (USA), a California
   corporation, KINMEI TRADING CO., a business
19 entity form unknown, XIA ZHONG JIAN,
   individually and doing business as KINMEI
20 TRADING CO., and DOES 1-200 inclusive,
21
                Defendants.
22

23      Plaintiff, U2 HOME ENTERTAINMENT, INC., a California corporation doing business as

24 NEW IMAGE AUDIO & VIDEO, CENTURY HOME ENTERTAINMENT and TAI SENG

25 ENTERTAINMENT (formerly TAI SENG VIDEO MARKETING) ("U2" or "Plaintiff"), having duly

26 commenced this action by filing the Verified Complaint herein and serving Defendant KINMEI

27 TRADING CO., a business entity form unknown, and Defendant XIA ZHONG JIAN, individually,

28 and doing business as KINMEI TRADING CO. (herein collectively referred to as "Defendants"),

1

**ORIGINAL**

alleging violations of Plaintiff's rights in connection with Plaintiff's copyrights including, but not limited to, the works identified on Exhibit "A" to the Verified Compliant, which Exhibit is hereby incorporated by reference and attached hereto as Exhibit "A", and service of the Verified Complaint having been made on the said Defendants, or, acknowledged by the Defendants' signature to this Final Judgment, Consent Decree and Permanent Injunction ("Final Judgment"), and the Plaintiff, and the said Defendants, having agreed to the entry of this Final Judgment, without a trial, and without the adjudication of any issue of fact or law; and the said Parties having consented to the jurisdiction of the Court and having consented to each and every provision, order and decree of this Final Judgment, and this Final Judgment being the result of a compromise of the above matter and having been stipulated to;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over this action for copyright infringement and has jurisdiction over the parties to this suit, as named in the Verified Complaint and set forth below in this Final Judgment. This Court retains jurisdiction over this matter for the purposes of any contempt or other enforcement proceeding stemming from any violation of the permanent injunction or any other provision set forth herein.

2.      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant KINMEI TRADING CO., a business entity form unknown, and Defendant XIA ZHONG JIAN, individually, and doing business as KINMEI TRADING CO., and their parent, subsidiary, affiliated and related business entities, and all of the officers, directors, shareholders, members, partners, agents, representatives, servants, employees, successors and assigns of the foregoing, and any and all persons acting in concert or participation with them, who receive actual notice of this Final Judgment are permanently enjoined and restrained from:

a.      Importing, making, manufacturing, copying, marketing, distributing, selling, offering for sale, renting, leasing and/or otherwise trafficking, including but not limited to over the Internet, ("Trafficking") in Unauthorized Copies of audio-visual content and/or products the copyrights to which are owned or licensed by Plaintiff, whether heretofore released or to be released after date of this Final Judgment, (hereinafter collectively referred to as "Plaintiff's Exclusive Copyrighted

2

Programs"), including but not limited to those programs listed on the Exhibit "A" to this Final Judgment. The term "Unauthorized Copy" means a copy of Plaintiff's Exclusive Copyrighted Programs which was not authorized and sold by Plaintiff or through Plaintiff's chain of distribution, and includes, but is not limited to, counterfeit copies and/or imports in violation of Plaintiff's exclusive copyright licenses or other interests.

> b.     Otherwise engaging in any other activity related to Plaintiff's Exclusive Copyrighted Programs in any manner which is likely to cause others to falsely believe that Defendants' Trafficking in Plaintiff's Exclusive Copyrighted Programs is authorized, approved by, or licensed by Plaintiff.

> c.     In any manner infringing, contributing to infringement, or participating in the infringement by others, of any of the copyrights in Plaintiff's Exclusive Copyrighted Programs, and from acting in concert with, aiding or abetting others, to infringe any of the said copyrights in any way;

> d.     Offering to do any of the acts enjoined in subparagraphs (a) through (c) above.

> e.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) though (d).

> f.     This Final Judgment shall be effective as to each such program for so long as Plaintiff holds the exclusive rights to or owns a particular program.

3.     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall deliver and forfeit to Plaintiff or Plaintiff's counsel, at no cost to Plaintiff, any and all unauthorized copies of Plaintiff's Exclusive Copyrighted Programs, which are now or later come into the possession, custody or control of Defendants.  Moreover, Defendants agree and consent that all infringing product and other items seized pursuant to 17 U.S.C. § 503 and the Seizure Order issued by the Court on December 6, 2006, and executed on December 11, 2006, are forfeited to Plaintiff who may destroy, discard or otherwise dispose of such products and items in Plaintiff's sole discretion.  Plaintiff is hereby relieved of its duties under the Seizure Order as substitute custodian of said products and items.

4.     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as to the Defendants executing this Final Judgment, KINMEI TRADING CO., a business entity form unknown, and Defendant XIA ZHONG JIAN, individually and doing business as KINMEI TRADING CO., the bond

on the Temporary Restraining Order and the Preliminary Injunction in the amount of Two Thousand Five Hundred Dollars ($2,500.00), previously ordered by the Court and issued and filed, is hereby exonerated, discharged and released.

5.     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall have judgment against KINMEI TRADING CO., a business entity form unknown, and XIA ZHONG JIAN, individually and doing business as KINMEI TRADING CO., jointly and severally, for the sum of Sixty-Three Thousand Dollars ($63,000.00), plus costs of suit herein (collectively "Final Judgment Amount"). Plaintiff agrees not to execute on this Final Judgment Amount for as long as Defendants, jointly and severally, comply with the following monetary provisions of this Final Judgment. In the event of a breach of these monetary terms, Plaintiff shall be entitled, in its sole discretion, and at Plaintiff's sole election, to immediately execute on the Final Judgment Amount.

a.     In further consideration of this Final Judgment, Defendants shall pay to Plaintiff the sum of Fifteen Thousand Dollars ($15,000.00), payment of said sum to be made as follows:

i.   Five Thousand Dollars ($5,000.00) by certified check or cash due on or before January 17, 2006;

ii.  One Thousand Dollars ($1,000.00) by certified check or money order due on or before February 5, 2007;

iii. One Thousand Dollars ($1,000.00) by certified check or money order due on or before March 5, 2007;

iv.  One Thousand Dollars ($1,000.00) by certified check or money order due on or before April 5, 2007;

v.   One Thousand Dollars ($1,000.00) by certified check or money order due on or before May 5, 2007;

vi.  One Thousand Dollars ($1,000.00) by certified check or money order due on or before June 5, 2007;

vii. One Thousand Dollars ($1,000.00) by certified check or money order due on or before July 5, 2007;

viii. One Thousand Dollars ($1,000.00) by certified check or money order due on or

4

before August 5, 2007;

    ix. One Thousand Dollars ($1,000.00) by certified check or money order due on or before September 5, 2007;

    x. One Thousand Dollars ($1,000.00) by certified check or money order due on or before October 5, 2007;

    xi. One Thousand Dollars ($1,000.00) by certified check or money order due on or before November 5, 2007;

    b. Failure to timely make the payment of Fifteen Thousand Dollars ($15,000.00) referenced in Section 5(a) by cash, certified check or cashier's check, by the dates referenced in Section 5(a), shall be considered a material breach of this Final Judgment. In the event of a breach of this Final Judgment, Plaintiff shall be entitled to execute on the Final Judgment Amount.

    c. In addition to the Fifteen Thousand Dollars ($15,000.00) set forth in Section 5(a) above, and in further consideration of this Final Judgment, Defendants agree to the following terms:

        i. Over a period of three (3) years commencing from the Defendants' execution of this Final Judgment, Defendants shall purchase not less than Forty-Eight Thousand Dollars ($48,000.00) of Plaintiff's Exclusive Copyrighted Programs, namely, Plaintiff's multi-episodic television programs originally produced, broadcast and distributed in Asia by TVB International Ltd. ("TVB"), a television production, distribution and broadcast company. These minimum purchase amounts shall be met by purchase orders and payments made by Defendants in the amount of One Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($1,333.33) per month for a period of Thirty-Six (36) months beginning immediately upon Defendants' execution of this Final Judgment.

        ii. Defendants shall pay for all applicable freight and handling costs for the programs purchased from Plaintiff. Plaintiff shall use commercially reasonable efforts to fill Defendants' orders as soon as possible, provided however, that all orders from Defendants are subject to availability as well as confirmation and

acceptance by Plaintiff.

iii.   Failure to timely make said purchase orders and payments shall be considered a material breach of this Final Judgment.  In the event of a breach of this Final Judgment, or if any payment under this Section 5(c) is untimely or if any of the payments under this Section 5(c) are returned for any reason after deposit, in Plaintiff's sole discretion and at Plaintiff's sole election, Plaintiff shall be entitled to execute on the Final Judgment Amount, with credit for sums paid under 5(a) or 5(c).

6.      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event of acceleration and execution on the monetary aspects of this Final Judgment, Plaintiff shall recover interest from the date of this Final Judgment on all such unpaid monetary sums at the rate or Ten Percent (10%) per annum in addition to all costs incurred in this action pursuant to Plaintiff's cost bill indicating costs of $2,368.00.

7.      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if Plaintiff is required to file any further proceedings to enforce the terms of this Final Judgment, Plaintiff shall be entitled to recover its attorneys' fees and costs in any such proceedings.

//

8.      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction to enforce this Stipulated Final Judgment and to preside over any subsequent action resulting from any violation of this Final Judgment.

9.      Defendants agree and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms of this Final Judgment shall inure to and be binding upon the successors and assigns of Defendants.

10.     This Final Judgment is entered without prejudice to Plaintiff filing an action for non-dischargeability in the event that the monetary terms set forth herein are not fully paid and there is a subsequent bankruptcy.

**[SIGNATURE PAGES TO FOLLOW]**

1  AGREED AND CONSENTED TO by U2 HOME ENTERTAINMENT, INC., a California

2  corporation doing business as NEW IMAGE AUDIO & VIDEO, CENTURY   HOME

3  ENTERTAINMENT and  TAI SENG ENTERTAINMENT (FORMERLY TAI SENG VIDEO

4  MARKETING)

5  Dated: ~~December~~____, 2006          U2 HOME ENTERTAINMENT, INC.

6      Jan. 12  2007

7                                         By: _____
                                           Its: _____

8      AGREED AND CONSENTED TO by KINMEI TRADING CO., a business entity form

9

10  unknown

11  Dated: January 25, 2007          KINMEI TRADING CO.

12                                    By: Zhong Jian Xia
                                      Its: Owner
13

14      AGREED AND CONSENTED TO by XIA ZHONG JIAN, individually and doing business as

15  KINMEI TRADING CO.

16

17                                    ZHONG JIAN XIA
    Dated: January 25, 2007          XIA ZHONG JIAN  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

18

19                                    Social Security Number

20  APPROVED AS TO FORM BY COUNSEL FOR PLAINTIFF:

21  Dated: March 5, 2007          IDELL & SEITEL LLP

22

23                                    Richard J. Idell
                                      Attorney for Plaintiff
24                                    U2 HOME ENTERTAINMENT, INC., a California
25                                    corporation doing business as NEW IMAGE AUDIO &
                                      VIDEO, CENTURY HOME ENTERTAINMENT and
26                                    TAI SENG ENTERTAINMENT

27

28  //

___

7

1

**IT IS SO ORDERED:**

2

3  Dated: *March 19* , 2007

4  The Honorable Judge James Ware
   Judge of The United States District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] FINAL JUDGMENT, CONSENT DECREE AND PERMANENT INJUNCTION AS TO
KINMEI TRADING CO., A BUSINESS ENTITY FORM UNKNOWN, AND XIA ZHONG JIAN, INDIVIDUALLY
AND DOING BUSINESS AS KINMEI TRADING CO.